Green, J.
delivered the opinion of the court.
The court in this case charged’ the jury, in substance, that if the slave, for the recovery of whom this suit was brought, was given to William Hays, of whom defendant purchased her, in North Carolina, by the plaintiff, yet the gift, not being by deed proved and registered as required by the laws of that State, it would not pass the title, and that the possession of William Hays would be the possession of the plaintiff, so that the statute of limitations could not operate against the plaintiff; and that if William Hays brought the negro to Tennessee and had her in possession in Tennessee more than five years, and then sold her to the defendant, that neither the statute of frauds, nor the statute of limitations, could operate to confer a title or bar the plaintiff’s recovery, unless the defendant had the negro in possession more than three years after his purchase from William Hays.
In this charge the circuit court clearly mistook the law. Although the act of North Carolina of 1806, ch. 701, sec. 1, requires that a gift of slaves should be by deed proved and registered, yet, when the parol gift of the slave was made, William Hays held her for himself and not for the plaintiff who had made the gift. No trust was created between the parties, as would have been the case had the .slave been loaned; but ihe possession was in law and in fact, exclusively for himself, and adverse to all the world. Having thus had an adverse possession in North Carolina and Tennessee for ten years, the plaintiff is barred by the statute of limitations.
in Kegler vs. Miles, (Mart, and Yer. 426,) this court decided, that an adverse possession, so long as to bar *509 the plaintiff’s action against the possessor, vested' in him an absolute right to the property. The length of his possession, it being adverse, vested in William Hays an absolute right to the property, which was transferred by his deed to the defendant. The court therefore erred, in telling the jury that William Hays had not such an adverse possession in favor of which the statute of limitations could operate; and also, in telling them the defendant could not rely upon the previous possession of William Hays, and that to be protected, he must appear to have been three years in possession of the slave himself.
Reverse the judgment and remand the cause to Maury circuit court for another trial to be had.
Judgment reversed